Filed 11/29/22  P. v. Powell CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MARCUS ANTHONY POWELL,<br><br>　　　Defendant and Appellant. | C093771<br><br>(Super. Ct. No. 00F00207) |

In October 2001, a jury found defendant Marcus Anthony Powell guilty of murder, attempted murder, and attempted robbery, and found true several enhancements, including a robbery-murder special circumstance.  Defendant petitioned the trial court for resentencing under Penal Code section 1172.6[1] based on changes made to the felony-

---

[1]　Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to become section 1172.6, without

murder rule. The trial court denied defendant's petition, finding the special circumstance rendered defendant ineligible for relief. On appeal, defendant argues he was entitled to counsel and a hearing on the merits of his petition.

While this appeal was pending, the Supreme Court issued its opinion in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). After supplemental briefing, the parties now agree *Strong* requires reversal of the trial court's order. We agree and reverse.

BACKGROUND

On May 1, 1999, defendant and a companion robbed Vernon Youngblood and Kenneth Hann at gunpoint; both victims were shot; Hann died. (*People v. Powell* (Mar. 9, 2004, C040155) [nonpub. opn.].)[2]

On October 18, 2001, a jury found defendant guilty of murder (§ 187, subd. (a)); attempted murder (§§ 664, 187, subd. (a)); and found true that the murder occurred while defendant was committing a robbery (§ 190.2, subd. (a)(17)) and four other related firearm enhancements. (§ 12022, subd. (a)(1), 12022.5, former subd. (a)(1), 12022.53, subds. (b), (e)(1), 12022.53, subds. (c), (e)(1).) The jury also found him guilty of attempted robbery (§§ 664, 211), and found true for this count four enhancements. (§§ 1203.06, subd. (a)(1), 12202.5, former subd. (a)(1), 12022.53, subd. (c), 12022.53, subd. (d).) The jury also found the crimes were committed to benefit a criminal street gang. (§ 186.22, former subd. (b)(1).) The trial court sentenced defendant to a total indeterminate term of 75 years to life and a determinate term of nine years. We affirmed the convictions on direct appeal.

---

substantive change. (Stats. 2022, ch. 58, § 10.) Although defendant filed his petition under former section 1170.95, we cite the current section number.

[2]  We granted defendant's request to incorporate by reference the record in defendant's direct appeal. We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1176.2, subd. (d)(3).)

On July 15, 2019, defendant filed a form petition for resentencing under section 1172.6 in which he alleged he was convicted of murder under the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of murder due to changes made to sections 188 and 189, effective January 1, 2019. He also asserted he was not the actual killer, did not act with the intent to kill, nor was he a major participant who acted with reckless indifference to human life.

On February 11, 2021, after briefing by the parties, the trial court denied defendant's petition for relief by written order. The trial court noted defendant's jury was instructed on felony murder based on robbery. However, the jury was required to find for the attempted robbery-murder special circumstance that defendant was either "the actual killer, acted with the intent to kill, or was a major participant in the attempted robbery who acted with reckless indifference to human life." The trial court determined defendant could not challenge this finding through this petition, but instead had to first file a habeas corpus petition. It also determined the finding was still valid even after the Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) because the evidence, as summarized in our prior opinion, was "sufficient for a jury to conclude beyond a reasonable doubt that [defendant] was a major participant in the attempted robbery who acted with reckless indifference to human life, even under *Banks* and *Clark*."

## DISCUSSION

Defendant argues the trial court erred in denying his petition for resentencing at the prima facie stage by relying on the special circumstance finding. While this appeal was pending, the Supreme Court issued its opinion in *Strong, supra*, 13 Cal.5th 698. We requested supplemental briefing on this case and the People now agree *Strong* necessitates reversal and remand in this case. We agree with the parties.

3

A.    *Legal background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275.) To that end, Senate Bill 1437 amended sections 188 and 189 and added section 1172.6.

Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder. As relevant here, a participant in the perpetration or attempted perpetration of a felony listed in subdivision (a), defining first degree murder, in which a death occurs, is liable for murder if the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1172.6 to delineate the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences doctrine or other theory . . . ." (§ 1172.6, subd. (a).) Once a defendant submits a petition, and the court performs an initial review for missing information and appoints counsel for defendant, subdivision (c) of section 1172.6 provides: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

B.    *Eligibility for relief with special circumstances present*

Section 190.2, subdivision (d) provides that for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery and burglary, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2,

4

subd. (d); *Banks, supra*, 61 Cal.4th at p. 798.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).)

Since defendant's conviction, however, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522. In *Banks*, the Supreme Court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?" (*Banks*, at p. 803, fn. omitted.)

Similarly, in *Clark*, the Supreme Court found "reckless indifference" to "encompass[] a willingness to kill (or to assist another in killing) to achieve a distinct aim . . . ." (*Clark, supra*, 63 Cal.4th at p. 617.) It also provided a nonexhaustive list of factors to consider in making this determination, including use of or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, the duration of the crime, knowledge of any threat the confederates might represent, and efforts to minimize risks. (*Id*. at pp. 618-623.)

In *Strong*, the Supreme Court addressed the impact of *Banks* and *Clark* on section 1172.6 petitions for defendants with special circumstance findings. The Supreme Court found "*Banks* and *Clark* both substantially clarified the law governing findings under [] section 190.2, subdivision (d)" such that they "represent the sort of significant change

5

that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong, supra*, 13 Cal.5th at pp. 706, 717.) Consequently, prior circumstance findings made before *Banks* and *Clark* "do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710.) Thus, a defendant with a special circumstance finding applying for relief through a section 1172.6 petition may still be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks/Clark* analyses. (*Strong*, at p. 720.) And though a special circumstance finding can be challenged through a habeas corpus petition, "nothing in section 1172.6 says that a defendant *must* always do so before seeking resentencing." (*Strong*, at p. 713.)

C.      *Analysis*

It is undisputed defendant filed a facially sufficient petition and that the trial court here relied on defendant's prior special circumstance finding to conclude defendant failed to make a prima facie case for eligibility under section 1176.2, subd. (c). It did so for two reasons: (1) a section 1172.6 petition is not the proper avenue to challenge the finding; and (2) the finding was still valid under *Banks* and *Clark* under a sufficiency of the evidence standard. Under *Strong*, both reasons are no longer valid. And because these are the only reasons given by the trial court, and the People raise no other grounds for asserting that defendant has failed to state a prima facie case, we find defendant has made a prima facie showing. We therefore direct the trial court to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d).

6

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed and the matter is remanded for the trial court to conduct further proceedings consistent with section 1172.6, subdivision (d).

                                                     KRAUSE         , J.

We concur:

     ROBIE             , Acting P. J.

     BOULWARE EURIE  , J.

7